Robert McClure v. Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 5—861.]

**Perjury in Swearing Before the Grand Jury.**

Where one is sworn to testify before a grand jury and is asked if he had seen any one gaming wherein money or property of value

was bet, won or lost, and answers, "I have not. I don't recollect. I can't recollect. I have played a hundred or more games, but can't recollect when, where or with whom I have played for money or property," an instruction stating that "A confession of the defendant relative to the offense with which he is charged unless made in open court will not warrant a conviction unless accompanied by other proof that such an offense was committed," is misleading, for such confession related to a different matter from that for which he was indicted and tried. He was only put on trial for swearing falsely as to others being guilty of gaming. It does not follow that he was guilty of false swearing because he confessed to guilt in gaming.

## APPEAL FROM GRAYSON CIRCUIT COURT.

### April 26, 1884.

OPINION BY JUDGE LEWIS:

Appellant was indicted under Gen. Stat. 1883, ch. 29, art. 8, § 2, for the offense of false swearing, the particular circumstances of which are set forth as follows: "Being sworn to testify as a witness before the grand jury of Grayson county, and asked if he had seen any one gaming wherein money or property of value was bet, won or lost in that county he answered 'I have not. I don't recollect, I can't recollect. I have played a hundred or more games, but can't recollect when, where or with whom I have played for money or property.' This answer it is charged in the indictment was wilfully and feloniously false, and known to be so by appellant, he having played games of cards for money or property, bet, won or lost with many persons within two years before the finding of the indictment."

Members of the grand jury before whom the alleged false swearing was committed were introduced as witnesses on the trial and stated that the question was propounded to appellant, and the answer thereto was made by him substantially as set out in the indictment, and that he also stated that he made a living by playing cards. The witnesses stated farther that the witness when first called on to testify was told by the grand jury to think, and allowed to go until the next day, and that when he came back the next day he was asked to give his best recollection, but answered he had played the day

before but could not recollect the name of any person he had played with or any place.

Though other witnesses were introduced who testified they had seen appellant playing cards with other persons none of them stated they had seen him playing for money, one testifying that he had seen appellant and others drinking whiskey and playing cards in a stable, when they talked loud at times and seemed excited and annoyed his family from day to day.

Upon the conclusion of the evidence the court gave the instructions which counsel for appellant contend are erroneous. By the first instruction the jury were told that if they believed the question was asked by the grand jury and the answer given by appellant as set forth in the indictment, which answer or any part thereof was false, and was known by appellant to be false when he made it, then he is guilty as charged and the jury should so find. The second instruction is as follows: "A confession of the defendant unless made in open court will not warrant a conviction unless accompanied by open proof that such an offense was committed."

It appears from the bill of exceptions that in the argument to the jury by the attorney for the commonwealth, to that part of which relating to instruction No. 2 counsel for appellant objected, the court gave to the jury the following: "Any confession or statement made by the defendant before the grand jury, or elsewhere, is admissible as evidence on the trial of the case, but that he can not be convicted upon such confession alone unless it is corroborated by other proof that the defendant is guilty of the charge set out in the indictment." Subsequently the court amended instruction No. 2 so as to make it read as follows: "A confession of the defendant relative to the offense with which he is charged unless made in open court will not warrant a conviction unless accompanied by other proof that such an offense was committed."

The section under which appellant was indicted is as follows: "If any person, in any matter which is or may be judicially pending, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall wilfully and knowingly swear, depose, or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

The offense of false swearing for which appellant was indicted and

tried consists in falsely answering the question put to him by the grand jury whether he had seen any person gaming wherein money or property of value was bet, won or lost. Whether appellant had himself played cards for money was not a question he was required to answer to the grand jury, and did not constitute the issue submitted to the trial jury. He answered the question put by the grand jury as to himself, that he had played cards for money, but stated that he had not or did not recollect to have seen any other person gaming. As to the matter relating to his own gaming he voluntarily states he was guilty, but as to the matters of others gaming he denied having any knowledge, and whether he did know or had seen others gaming was the sole issue. It was therefore misleading for the court to give any instruction as to supposed confessions made by appellant before the grand jury. What he confessed related to quite a different matter from what he was indicted and tried for. He confessed he had violated the law in himself gaming for money. He was put on trial for swearing falsely as to the matter of others being guilty of gaming.

The jury might reasonably infer from the instruction that the voluntary statement of appellant before the grand jury that he had played cards for money was a confession that he was guilty of false swearing, with which he was then being tried. His statement before the grand jury in regard to his own gaming was proper evidence to be considered by the jury in determining whether he swore falsely or not as to his knowledge of others gaming, but it was not a confession and should not have been so treated by the court.

For this error of the court the judgment is *reversed* and cause remanded with directions to grant appellant a new trial and for further proceedings consistent with this opinion.

*J. P. Hobson, for appellant.*

*P. W. Hardin, for appellee.*